

# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| Judge or Division:<br>DANIEL F KELLOGG | Case Number: 20BU-CV02325 |
|---|---|
| Plaintiff/Petitioner:<br>KAYCE FISH | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA PAUL WUNDERLICH<br>5821 NW 72ND STREET<br>KANSAS CITY, MO 64151 |
| vs. | |
| Defendant/Respondent:<br>DIVERSICARE LEASING CORP | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501<br>**STATUS REVIEW HEARING DATE SET ON** |
| Nature of Suit:<br>CC Other Tort | **9-25-20 @ 8:30AM DIVISION 4** |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: DIVERSICARE LEASING CORP
Alias:

RA: CSC LAWYERS INC SERVICE
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*BUCHANAN COUNTY*

__Thursday, July 02, 2020__          **/S/ THOMAS CASSITY**
Date                                             Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. JOSEPH), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____          _____
Date                                             Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-375**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:20-cv-06112-RK   Document 1-2   Filed 08/05/20   Page 1 of 11

Electronically Filed - Buchanan - July 01, 2020 - 04:02 PM

IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI

| | | |
|---|---|---|
| **KAYCE FISH,** | ) | |
| c/o Cornerstone Law Firm | ) | |
| 5821 NW 72nd Street | ) | |
| Kansas City, MO 64151 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:_____ |
| v. | ) | |
| | ) | Division:_____ |
| **DIVERSICARE LEASING** | ) | |
| **CORPORATION,** | ) | |
| *Registered Agent:* | ) | |
| CSC-LAWYERS INCORPORATING | ) | **REQUEST FOR JURY TRIAL** |
| SERVICE COMPANY | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Kayce Fish, by and through her attorney, and for her cause of action against Defendant Diversicare Leasing Corporation, alleges as follows:

### Parties and Jurisdiction

1. This is an employment case based upon and arising under the Whistleblower Protection Act ("WPA"), Mo. Rev. Stat. § 285.575.

2. Plaintiff Kayce Fish (hereinafter "Plaintiff") is a citizen of the United States, domiciled in St. Joseph, Buchanan County, Missouri.

3. Defendant Diversicare Leasing Corporation (hereinafter "Diversicare") is a corporation organized under the laws of Tennessee with its principal place of business located at 1621 Galleria Boulevard, Brentwood, TN 37027.

4. Defendant Diversicare conducts substantial and continuous business in the State of Missouri.

5.    At all relevant times, Plaintiff was employed by Diversicare at its facility located at 1616 Weisenborn Rd, St Joseph, MO 64507.

6.    Diveriscare employed six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

7.    Diversicare is an employer within the meaning of the WPA.

8.    Diversicare was at all relevant times subject to regulations promulgated by the Missouri Department of Mental Health.

9.    This court has jurisdiction over the parties and subject matter of this action.

10.    Venue is proper in Buchanan, Missouri, pursuant to MO. REV. STAT. § 508.010, as Plaintiff was first injured by the wrongful acts in the action therein.

### Additional Factual Allegations

11.    Plaintiff worked for Diversicare from approximately early July 2019 until her employment was terminated on September 27, 2019.

12.    Plaintiff was employed as a certified nursing assistant ("CNA").

13.    On September 20, 2019, an elderly patient (hereinafter "the patient") in the dementia unit fell and injured himself while Plaintiff was performing her duties in another area.

14.    When the family member of another resident notified Diversicare staff of the incident, Plaintiff, along with other Diversicare staff members, immediately attempted to assist the patient.

15.    Diversicare staff members notified the charge nurse that the patient had non-reactive eye movement and was bleeding from his head.

16.    The charge nurse subsequently attempted to take patient's vitals but gave up after his lack of compliance, mentioning that she did not know what to do.

17.     Staff members then called the Assistant Director of Nursing (hereinafter "the ADON"), who chose not to conduct a full assessment.

18.     The ADON then improperly used a Hoyer lift to move the patient, despite his head injury, and as a result, the Hoyer lift fell on Plaintiff.

19.     While giving a tour of the facility, the Director of Nursing (hereinafter "the DON") noticed Plaintiff and the other Diversicare staff members attempting to assist the patient and asked, "You guys good?" without taking immediate action.

20.     Paramedics subsequently arrived at the facility and observed the patient's heart rate to be 45 beats per minute, and his blood pressure to be 90/30.

21.     Plaintiff is of the information and belief that the patient passed away later that day at the hospital.

22.     On September 21, 2019, Plaintiff informed another coworker of the previous day's incident.

23.     On September 23, 2019, Plaintiff reported the September 20, 2019 incident with the patient to the Missouri Department of Mental Health (hereinafter "the state").

24.     On September 24, 2019, Plaintiff was interviewed by an investigator from the state.

25.     Immediately after Plaintiff's interview with the state investigator, the ADON asked Plaintiff, "What did you say to them? They're out to get us?"

26.     Plaintiff then informed the ADON that she had told the truth, and that if the truth gets Diversicare in trouble, then they need to "fix things."

27.     On September 26, 2019, Plaintiff's paycheck was for an amount approximately $500 less than the amount to which Plaintiff was entitled.

28.     When Plaintiff reported that she had been underpaid, Diversicare staff attempted to claim Plaintiff's hourly wage was $10.35 per hour, rather than $15.00, which was the amount that had been agreed upon when Plaintiff was hired.

29.     When Plaintiff reported to the Diversicare staff member in charge of payroll that she would not work for Diversicare if she was not going to be paid properly, Plaintiff was told that if she felt the need to leave for this reason, she needed to speak with the charge nurse.

30.     Plaintiff spoke with the charge nurse regarding the underpayment, and her desire to leave as a result.

31.     The charge nurse told Plaintiff, "I don't blame you," in response to Plaintiff's concerns and instructed Plaintiff to contact another Diversicare employee to discuss the issue.

32.     Plaintiff then left the facility, interpreting the charge nurse's response as permission to leave work for the day.

33.     After Plaintiff left the facility, she received a text message informing her that the pay issue would be addressed.

34.     On September 27, 2019, Plaintiff was terminated from her employment and was told that it was because she had left her shift the day before.

### COUNT I
### Violation under Mo. Rev. Stat. § 285.575
### Whistleblower Retaliation

35.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

36.     Plaintiff contacted the Missouri Department of Mental Health and reported that she had reasonable cause to believe that a consumer had been subject to the failure by Diversicare to provide reasonable or necessary services to maintain the consumer's physical or mental health and

that such failure presented imminent danger to the consumer's health, safety, or welfare, and cooperated in the subsequent investigation.

37.     The state of Missouri has expressed a well-established and clear mandate of public policy that the state requires employees of organizations licensed, certified, accredited, in possession of deemed status, and/or funded by the Department of Mental Health to immediately report reasonable cause that a consumer has been subjected to abuse or neglect, and prohibits employers from dismissing or otherwise retaliating against an employee for making any report of actual suspected violations of consumer abuse or neglect. *See* 9 CSR 10-5.200.

38.     Plaintiff reported to Diversicare that she objected to the sudden reduction of her wages without notification.

39.     The state of Missouri has expressed a well-established and clear mandate of public policy that the state requires employers to pay an employee's wages as often as semimonthly, within sixteen days of the close of each payroll period, and requires employers desiring to reduce the wages of any if its employees to give such employees thirty days' notice of such reduction. *See* Mo. Rev. Stat. §§ 290.080, 290.100.

40.     Plaintiff's report of suspected neglect or abuse to the Missouri Department of Mental Health, her participation in the subsequent investigation, and her objection to the sudden decrease in her wages constituted protected conduct under the WPA.

41.     Defendant terminated Plaintiff's employment.

42.     Plaintiff's participation in protected conduct was at least the motivating factor in the adverse actions taken against her.

43.     At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Diversicare, and were at all such times acting within the

Electronically Filed - Buchanan - July 01, 2020 - 04:02 PM

scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Diversicare, thus making Diversicare liable for said actions under the doctrine of *respondeat superior*.

44. Diversicare failed to make good faith efforts to establish and enforce policies to prevent unlawful retaliation against its employees.

45. Diversicare failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under applicable Missouri laws and regulations.

46. As shown by the foregoing, Plaintiff suffered intentional retaliation.

47. As a direct and proximate result of Diversicare's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

48. As shown by the foregoing, Diversicare's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff.

49. Plaintiff is entitled to recover reasonable attorneys' fees from Diversicare pursuant to Mo. Rev. Stat. § 285.575.8.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Diversicare for economic damages, including but not limited to back-pay and lost benefits; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

### Demand for Jury Trial

Plaintiff requests a trial by jury on all counts and allegations of wrongful conduct alleged in this Complaint.

Electronically Filed - Buchanan - July 01, 2020 - 04:02 PM

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: _____

M. Katherine Paulus    MO BAR 60217
m.paulus@cornerstonefirm.com
Joshua P. Wunderlich MO BAR 64254
j.wunderlich@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone            (816) 581-4040
Facsimile            (816) 741-8889

ATTORNEYS FOR PLAINTIFF

Electronically Filed - Buchanan - July 01, 2020 - 04:02 PM

## IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI

| | |
|---|---|
| **KAYCE FISH** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: **20BU-CV02325** |
| **DIVERSICARE LEASING** | ) |
| **CORPORATION** | ) |
| | ) |
| Defendant. | ) |

### MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, Kayce Fish, by and through her attorney of record, and for her Motion for Approval/Appointment of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

Jamie Andrews PPS20-0009
Caleb Battreal PPS20-0010
Bernard Beletsky PPS20-0011
Carrington Bell PPS20-0012
Thomas Bogue PPS20-0013
Brent Bohnhoff PPS20-0014
Arthur Boyer PPS20-0015
Scott Brady PPS20-0016
Gary Brakemeyer PPS20-0017
Jeff Brown PPS20-0018
Hester Bryant PPS20-0019
Nicholas Bull PPS20-0020
Randy Burrow PPS20-0021
Gory Burt PPS20-0022
Kyle Carter PPS20-0023
Michael Conklin PPS20-0024
Lisa Corbett PPS20-0025
Dennis Dahlberg PPS20-0026
Mary Dahlberg PPS20-0027
Bert Daniels JR PPS20-0028
Richard Davis PPS20-0029
Anthony Dice PPS20-0497
David Dice PPS20-0030
Maureen Dice PPS20-0031
Norman Diggs PPS20-0032
Edwina Ditmore PPS20-0033
Marrissa Doan PPS20-0034
Shawn Edwards PPS20-0035
Tonya Elkins PPS20-0036
William Ferrell PPS20-0037
Robert Finley PPS20-0335

James Frago PPS20-0038
John Frago PPS20-0039
Kenneth Frechette II PPS20-0040
Andrew Garza PPS20-0041
Bradley Gordon PPS20-0042
Thomas Gorgen PPS20-0043
Tom Gorgone PPS20-0044
Richard Gray PPS20-0045
Charles Gunning PPS20-0046
James Hannah PPS20-0047
Rufus Harmon PPS20-0048
James Harvey PPS20-0049
Natalie Hawks PPS20-0050
Douglas Hays PPS20-0051
Stephen Heitz PPS20-0052
Wendy Hilgenberg PPS20-0053
James Hise PPS20-0054
Gerald Hissam PPS20-0055
William Hockersmith PPS20-0056
Alex Holland PPS20-0057
Mary Hurley PPS20-0058
Betty Johnson PPS20-0059
Edward Johnson PPS20-0060
James Johnson PPS20-0061
Etoya Jones PPS20-0062
Patrick Jones PPS20-0063
Derec Kelley PPS20-0064
Brent Kirkhart PPS20-0065
Janice Kirkhart PPS20-0066
Tyler Kirkhart PPS20-0067
Damon Lester PPS20-0068

Daniel Maglothin PPS20-0069
Chad Maier PPS20-0070
Kenneth Marshall PPS20-0071
Deborah Martin PPS20-0072
Michael Martin PPS20-0073
Todd Martinson PPS20-0074
Timothy McGarity PPS20-0075
Casey McKee PPS20-0076
Michael Meador PPS20-0077
Kenny Medlin PPS20-0078
Maria Meier PPS20-0079
Thomas Melte PPS20-0080
Matthew Millhollin PPS20-0081
James Mitchell PPS20-0082
Alexious Moehring PPS20-0083
Jonathan Moehring PPS20-0084
Jason Moody PPS20-0085
Ronald Moore PPS20-0086
Andrew Myers PPS20-0087
Frederick Myers PPS20-0088
James Myers PPS20-0089
Stephanie Myers PPS20-0090
Christopher New PPS20-0091
Jeremy Nicholas PPS20-0092
Michael Noble PPS20-0093
Greg Noll PPS20-0094
Robert O'Sullivan PPS20-0095
Mike Perry PPS20-0096
Bob Peters PPS20-0097
Devin Pettenger PPS20-0098
Carrie Pfeifer PPS20-0099

| | | |
|---|---|---|
| Craig Poese PPS20-0159 | Joe Sherrod PPS20-0112 | Jonathan Trumpower PPS20-0124 |
| Bill Powell PPS20-0100 | Andrew Sitzes PPS20-0113 | Ryan Weekley PPS20-0125 |
| Dee Powell PPS20-0101 | Laura Skinner PPS20-0114 | Misty Wege PPS20-0126 |
| Samantha Powell PPS20-0102 | Thomas Skinner PPS20-0115 | Andrew Wheeler PPS20-0127 |
| Kim Presler PPS20-0103 | Richard Skyles PPS20-0215 | Andrew Wickliffe PPS20-0128 |
| Marcus Presler PPS20-0104 | Chris Stanton PPS20-0216 | Norman Wiley PPS20-0129 |
| Mark Rauss PPS20-0105 | William Steck PPS20-0116 | Gregory Willing PPS20-0130 |
| Terri Richards PPS20-0106 | Randy Stone PPS20-0117 | Conni Wilson PPS20-0131 |
| Jorge Rivera PPS20-0107 | Sonja Stone PPS20-0118 | Jerry Wilson PPS20-0132 |
| Sammie Robinson PPS20-0108 | David Taliaferro PPS20-0119 | Debra Woodhouse PPS20-0133 |
| Richard Roth PPS20-0109 | Michael Taylor PPS20-0120 | Stan Yoder PPS20-0134 |
| Edna Russell PPS20-0110 | Robert Torrey PPS20-0121 | Greg Zotta PPS20-0135 |
| Brenda Schiwitz PPS20-0111 | Lucas Traugott PPS20-0122 | Anthony Dice PPS20-0497 |
| Michael Siegel PPS20-214 | Steve Trueblood PPS20-0123 | |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: _____

M. Katherine Paulus   MO BAR 60217
m.paulus@cornerstonefirm.com
Joshua P. Wunderlich MO BAR 64254
j.wunderlich@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone          (816) 581-4040
Facsimile          (816) 741-8889

ATTORNEYS FOR PLAINTIFF

*(Order on following page)*

## **ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: **_Thursday, July 02, 2020_**     **_/S/ THOMAS CASSITY_**
                    ~~Judge or~~ Clerk